## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AVIAD BESSLER, Individually and On
Behalf of All Others Similarly Situated,

      Plaintiff,

v.

ZAFGEN, INC. and THOMAS E. HUGHES,

      Defendants.

Case 1:15-cv-13618-FDS

## MEMORANDUM IN SUPPORT OF THE MOTION OF THEODORE J. DALY TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL

### PRELIMINARY STATEMENT

Theodore J. Daly ("Mr. Daly" or "Movant") submits this memorandum in support of his motion to: (1) appoint him as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approve his selection of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for the Class, and Wayne, Richard & Hurwitz LLP ("Wayne, Richard & Hurwitz") as Liaison Counsel for the Class.

As described in the Loss Chart, attached to the Declaration Of Eugene R. Richard In Support Of the Motion Of Theodore J. Daly To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice of Counsel ("Richard Decl." or "Richard Declaration") at Exhibit B, Mr. Daly has suffered a loss of approximately $146,400 using the methodology

mandated by *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), as a result of his purchases of Zafgen, Inc. ("Biogen" or "Company") common stock between January 12, 2015 and October 16, 2015, inclusive ("Class Period"). To the best of his knowledge, he has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to demonstrating the largest financial interest in the outcome of this litigation, Mr. Daly's Plaintiff's Certification evidences his intent to serve as Lead Plaintiff in this litigation, including his acknowledgment of the duties he undertakes serving in that role, and serves as affirmative evidence that he satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. §78u-4(a)(3)(B)(iii)(cc)).[1] Mr. Daly fully understands the duties and responsibilities of a lead plaintiff to the Class, and has confirmed that he is ready, willing and able to oversee the vigorous prosecution of this Action. *See* Richard Decl., Exhibit A, ¶3 ("Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary"; "Plaintiff wants to serve as a lead plaintiff . . . , and Plaintiff understands that a lead plaintiff is a representative party who must act on behalf of and in the best interests of other class members in directing the action"; "If Plaintiff is appointed as lead plaintiff . . . Plaintiff is ready, willing and able to diligently fulfill the obligations of a lead plaintiff and representative party"); *see also id.* at ¶6 ("Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court. Plaintiff understands that this is not a claim form and that Plaintiff's ability to share in any

---

[1] The PSLRA authorizes any member of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). A copy of Mr. Daly's Plaintiff's Certification is attached as Exhibit A to the Richard Declaration.

recovery as a member of the class is unaffected by Plaintiff's decision to serve as a representative party.  Plaintiff has chosen to seek involvement in this litigation as a Lead Plaintiff in order to choose which counsel will represent Plaintiff and the class").  Mr. Daly satisfies both of the applicable requirements of the PSLRA and Rule 23, and he is presumptively the "most adequate plaintiff."

## PROCEDURAL BACKGROUND

This Action was filed in this Court on October 21, 2015.  Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), on the same day, the first notice that a class action had been initiated against defendants was published on *PR Newswire*, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (December 21, 2015).  *See* Richard Decl., Exhibit C.  Mr. Daly is a member of the Class (*see* Richard Decl., Exhibit A) and has timely moved for appointment as Lead Plaintiff under the PSLRA within the required 60-day timeframe.

## STATEMENT OF FACTS

According to the complaint, Zafgen is a small pharmaceutical company whose valuation is closely tied to the value of a single drug—an anti-obesity drug called beloranib. On January 12, 2015, Zafgen filed a Form S-1.  In that filing, Zafgen described six previously completed clinical trials of beloranib and disclosed that "there were two serious thrombotic adverse events" in one of the Phase 2 trials of beloranib (the ZAF-201 trial).  Until October 16, 2015, Zafgen had never disclosed any other thrombotic adverse events related to beloranib.

In September 2015, there was heavy selling by insiders, including the Company's Chief Executive Officer (Defendant Thomas E. Hughes), Chief Medical Officer, and Chief Commercial Officer.  Then, beginning on October 12, 2015, Zafgen shares plummeted.  Between

the opening of trading on October 12, 2015 and the close of trading on October 13, 2015, Zafgen shares dropped from $34.76/share to $15.75/share—a 54.7% drop.  The only publicly available news that appeared to contribute to the drop was a report that the Company had cancelled an upcoming scheduled appearance at an RBC Capital Conference. As the Boston Globe subsequently reported, however, rumors of a patient death in an ongoing Phase 3 beloranib study had begun circulating in the marketplace as early as October 13, 2015.

On October 14, 2015, Zafgen confirmed that a patient in its Phase 3 trial of beloranib had died. Zafgen failed to disclose that the patient was receiving beloranib—*i.e.*, not a placebo—and failed to disclose anything about thrombotic events in prior clinical trials. The Company's stock price rose on this partial, misleading disclosure. After trading as low as $10.90/share, Zafgen stock closed on October 14, 2015 at $19.50 per share. The stock continued to trade up on October 15, 2015, as high as $22.15/share and closing at $21.02/share.

Late in the day on October 15, 2015, however, the Food and Drug Administration informed Zafgen that beloranib has been placed on partial clinical hold.  This forced Zafgen to make corrective disclosures on October 16, 2015, including that: (i) the patient who died was receiving beloranib; and (ii) there had been four thrombotic adverse events in prior clinical studies of beloranib—two more than previously reported—as well as two additional, previously undisclosed thrombotic events in ongoing studies, for a total of six thrombotic events out of 400 patients receiving beloranib compared to zero thrombotic events in the approximately 150 patients treated with a placebo. The Company's stock dropped sharply after these corrective disclosures. After closing at $21.02/share on October 15, 2015, Zafgen stock closed at $10.36/share on October 16, 2015—a 50.7% drop.

## ARGUMENT

## I.     MR. DALY SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions.  *See* 15 U.S.C. §78u-4(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of his right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the Action, which was filed on October 21, 2015, published a notice on *PR Newswire* on October 21, 2015 (*see* Richard Decl., Exhibit C).  This notice announced that applications for appointment as lead plaintiff had to be made by December 21, 2015.  As the PSLRA notes, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  The PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>> (aa) has either filed the complaint or made a motion in response to a notice…
>
>> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).

**B.      Mr. Daly Is "The Most Adequate Plaintiff"**

**1.      Mr. Daly Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

Mr. Daly moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff.  Moreover, Mr. Daly has the largest known financial interest in the relief sought by the Class.  Further, Mr. Daly has shown his willingness to represent the Class by signing a sworn Certification detailing his investments in Zafgen common stock during the Class Period and confirming his willingness to discharge the obligations of class representatives in this Action.  *See* Richard Decl., Exhibit A.

In addition, Mr. Daly has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm resume of proposed Lead Counsel, Brower Piven, is attached as Exhibit D to the Richard Declaration. Wayne, Richard & Hurwitz's credentials are available on the firm's website.

**2.      Mr. Daly Has the Largest Financial Interest**

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status. . . ."].  As demonstrated by Exhibit B to the Richard Declaration, Mr. Daly has losses of approximately $146,400 using the methodology mandated by *Dura*, 544 U.S. at 338, and approved and recognized as the appropriate method for calculating losses in various jurisdictions around the country.[2]  Therefore, Mr. Daly satisfies the PSLRA's prerequisite of having "the

---

[2] Courts have approved and recognized this method as the appropriate method for calculating losses. *See, e.g., Marjanian v. Allied Nevada Gold Corp.*, No. 3:14-cv-0175-LRH-WGC, Order

largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3.    Mr. Daly Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Of the four prerequisites to class certification outlines in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See In re Lernout & Hauspie Secs. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA).

Here, Mr. Daly meets the typicality and adequacy requirements because, like all other members of the purported class, he purchased the Company's common stock during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages thereby.  Because Mr. Daly's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the Class' claims, typicality is satisfied.  Additionally, Mr. Daly is not subject to any unique defenses, and there is no evidence of any conflicts between Mr. Daly and the other members of the class.  Mr. Daly

(D. Nev. Nov. 7, 2014), *aff'd*, 2015 U.S. Dist. LEXIS 2782 (D. Nev. Jan. 8, 2015); *Espinoza*, 2013 U.S. Dist. LEXIS 6227, at *10; *Prefontaine v. Research In Motion Ltd.*, No. 11-4068, 2012 U.S. Dist. LEXIS 4238, at *9-*10 (S.D.N.Y. Jan. 5, 2012); *K-V Pharm. Co. Sec. Litig.*, No. 4:11-1816, 2012 U.S. Dist. LEXIS 62161, at *11 (E.D. Mo. May 3, 2012); *Shah v. GenVec, Inc.*, No. 8:12-00341, Order (D. Md. Apr. 26, 2012); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-03451, 2011 U.S. Dist. LEXIS 16813, at *15 (N.D. Cal. Feb. 15, 2011); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-01825, 2007 U.S. Dist. LEXIS 14878, at *13 (E.D.N.Y. Mar. 2, 2007).

therefore satisfies the required *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.   Indeed, Mr. Daly, in his Plaintiff's Certification, affirmatively provides the Court with information demonstrating that he satisfies the requirements of Rule 23, information that is a prerequisite to any determination by the Court whether to adopt the presumption that it is the most adequate plaintiff.

## II.     THE COURT SHOULD APPROVE MR. DALY'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Daly has selected Brower Piven as Lead Counsel and Wayne, Richard & Hurwitz as Liaison Counsel for the Class. Brower Piven has not only prosecuted complex securities fraud class actions, but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Richard Decl., Exhibit D.   In addition, Wayne, Richard & Hurwitz is a well-respected law firm, and its attorneys have experience litigating complex commercial actions.   This Court may be assured that in the event that Mr. Daly's motion is granted, the members of the Class will receive the highest caliber of legal representation.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Mr. Daly respectfully requests that this Court enter an order (1) appointing him to serve as Lead Plaintiff; (2) approving his selection of Lead Counsel and Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: December 21, 2015

Respectfully submitted,

WAYNE, RICHARD & HURWITZ LLP


/s/ Eugene R. Richard
Eugene R. Richard
One Boston Place
Boston, Massachusetts 02108
Telephone: (617) 720-7870
Facsimile: (617) 720-7877
generichard@wrhmlaw.com

*Counsel for Theodore J. Daly and Proposed Liaison Counsel for the Class*

**BROWER PIVEN**
 A Professional Corporation
Charles J. Piven
Yelena Trepetin
1925 Old Valley Road
Stevenson, Maryland 21153
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300
Email: piven@browerpiven.com
Email: ytrepetin@browerpiven.com

*Counsel for Theodore J. Daly and Proposed Lead Counsel for the Class*