**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
AVIAD BESSLER, individually and on       )
Behalf of all others similarly situated ,       )          Case No. 15-cv-13618
                                                                )
                              Plaintiff,                )          Hon.  F. Dennis Saylor, IV
                                                                )
              v.                                             )
                                                                )
ZAFGEN, INC. and THOMAS E. HUGHES,  )
                                                                )
                              Defendants.             )
_____  )

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM, OAKLAND**
**COUNTY VOLUNTARY EMPLOYEES' BENEFIT ASSOCIATION TRUST**
**AND THE OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM**
**TRUST FOR APPOINTMENT AS LEAD PLAINTIFF**
**<u>AND APPROVAL OF THEIR SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

PROCEDURAL BACKGROUND ...................................................................................... 4

STATEMENT OF FACTS ................................................................................................ 4

ARGUMENT ...................................................................................................................... 5

     I.      THE COURT SHOULD APPOINT OAKLAND COUNTY AS
           LEAD PLAINTIFF ............................................................................................ 5

          A.      The Procedural Requirements Pursuant to the PSLRA ............................. 5

          B.      Oakland County Is "The Most Adequate Plaintiff" .................................. 6

                 1.      Oakland County has Complied with the PSLRA and
                       Should be Appointed Lead Plaintiff ............................................... 6

                 2.      Oakland County has the Largest Financial Interest in the Relief
                       Sought By the Class ....................................................................... 7

                 3.      Oakland County Satisfies the Requirements of Rule 23 ................. 8

                       a.      Oakland County's Claims are Typical of the Claims of
                             all the Class Members ...................................................... 9

                       b.      Oakland County Will Adequately Represent The Class ... 10

     II.     THE COURT SHOULD APPROVAL OAKLAND COUNTY'S CHOICE
           OF COUNSEL                            .................................................... 11

CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Gen. Tel. Co. v. Falcon,* 457 U.S. 147 (1982) ............................................................. 11

*In re Cavanaugh,* 306 F.3d 726 (9th Cir. 2002) ............................................................ 8

*In re Lernout & Hauspie Secs. Litig.,* 138 F. Supp. 2d 39 (D. Mass. 2001)............................ 9, 12

*In re Milestone Scientific Securities Litigation*, 183 F.R.D. 404 (D. N.J. 1998) ........................ 10

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) ............................... 10

*Leech v. Brooks Automation, Inc.*, Case No. 06-11068-RWZ, 2006 U.S. Dist. LEXIS 90153 (D.
    Mass. Dec. 13, 2006)............................................................................................... 8

*Schulman v. Lumenis, Ltd.*, 2003 WL 21415287 (S.D.N.Y. June 18, 2003) ............................... 10

*Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627 (D.N.J. 2002)....................................... 3

*State Univs. Ret. Sys. Of Ill. v. Sonus Networks, Inc.*, C.A. No. 06-10040-MLW, 2006 U.S. Dist.
    LEXIS 93328 (D. Mass. Dec. 27, 2006) ................................................................... 3

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248 (S.D.N.Y. 2003) .................... 9

*Weltz v. Lee*, 199 F.R.D. 129 (S.D. N.Y. 2001)............................................................... 8, 10, 12

**Statutes**

15 U.S.C. §15 U.S.C. §78u-4(a)(3)............................................................................. 6

15 U.S.C. §78u-4(a)(3)(A)................................................................................. 6, 12, 13

15 U.S.C. §78u-4(a)(3)(A)(i) ........................................................................... 6, 10, 11

15 U.S.C. §78u-4(a)(3)(B)................................................................................. 1, 4, 12

15 U.S.C. §78u-4(a)(3)(B)(i) .................................................................................. 6

15 U.S.C. §78u-4(a)(3)(B)(iii) ........................................................................ 2, 7, 8, 13

15 U.S.C. §78u-4(a)(3)(B)(iii)(cc) ............................................................................ 2

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)............................................................................ 7

15 U.S.C. §78u-4(c) ............................................................................................ 9

**Rules**

Rule 23 of the Federal Rules of Civil Procedure ................................................... 2, 9, 10, 11, 12

The Oakland County Employees' Retirement System ("OCERS"), the Oakland County Voluntary Employees' Benefit Association Trust ("VEBA"), and the Oakland County Employees' Retirement System Trust ("ERS") (collectively, "Oakland County") respectfully submit this Memorandum of Law, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of their Motion in the above-caption securities class action (the "Action")[1] for entry of an Order: (1) appointing Oakland County as Lead Plaintiff on behalf of a class of persons who, between January 12, 2015 through October 16, 2015, inclusive (the "Class" Period), purchased, acquired, or contract to purchase Zafgen, Inc. ("Zafgen" or "ZFGN") securities (the "Class"); and (2) approving Oakland County's selection of The Miller Law Firm, P.C. as Lead Counsel for the Class, and Kreindler & Kreindler, LLP as Local Counsel for the Class.

## PRELIMINARY STATEMENT

Oakland County respectfully submits that it should be appointed Lead Plaintiff in the Action on behalf of the Class. Oakland County satisfies all of the prerequisites for appointment of Lead Plaintiff. Oakland County has suffered, among other things, a loss of approximately $163,613.32 as a result of the fraud during the Class Period whether calculated under either a first-in-first-out ("FIFO") or a last-in-first-out ("LIFO") basis. (*See* Declaration of Ian McCallister ("McCallister Decl.") at ¶5 and Exhibit 1, Certification of Keith Lerminiaux ("Lerminiaux Certification") at ¶4 and Schedule A.)[2]   Accordingly, Oakland County has a

---

[1]  Specifically, Plaintiff in the Action alleged that all Defendants violated Sections 10(b) and 20(a) of the Exchange Act and rule 10b-5 promulgated thereunder.

[2]  Oakland County's Certification identifies its transactions in Zafgen shares, as required by the PLRSA. (*See* McCallister Decl., at Exhibit 1, Lerminiaux Certification at ¶4 and Schedule A.)

1

substantial economic interest justifying it directing the litigation and recovering the loss it suffered along with the losses suffered by the proposed class.  To the best of its knowledge, Oakland County has sustained the largest loss of any investor seeking to be appointed by Lead Plaintiff.

Oakland County also meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class.  In addition to demonstrating the largest financial interest in the outcome of this litigation, the Plaintiff's Certification evidences its intent to serve as Lead Plaintiff in this litigation, including its acknowledgement of the duties its undertakes serving in that role, and serves as affirmative evidence that it satisfies the requirements of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).[3] Oakland County fully understands the duties and responsibilities of a Lead Plaintiff to the Class, and has confirmed that it is ready, willing and able to oversee the vigorous prosecution of this Action. *See* McCallister Decl., at Exhibit 1, ¶3 ("[Oakland County] is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary); *see also id.* at ¶7 ("[Oakland County] will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses directly related to the representation of the class as ordered or approved by the Court.)  Oakland County has chosen to seek involvement in this litigation as a Lead Plaintiff in order to choose which counsel will represent Plaintiff and the

---

The Declaration of McCallister also identifies Oakland County's losses.  (*See* McCallister Decl. at ¶5 and Exhibit 1.)

[3]   The PSLRA authorizes any member of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

class.  Oakland County satisfies both of the applicable requirements of the PSLRA and Rule 23, and it is presumptively the "most adequate plaintiff."

The PSLRA provides for the Court to appoint as Lead Plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23.  *See State Univs. Ret. Sys. Of Ill. v. Sonus Networks, Inc.,* C.A. No. 06-10040-MLW, 2006 U.S. Dist. LEXIS 93328, at *7-9 (D. Mass. Dec. 27, 2006); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002).  Oakland County satisfies both requirements.

Further, Oakland is the ideal Lead Plaintiff under the PSLRA because it has extensive experience in serving as a fiduciary and is a sophisticated institutional plaintiff.  It has a financial interest in the litigation and the incentive and ability to supervise and monitor counsel and the litigation.  Oakland understands its obligations as Lead Plaintiff to the Class under the PSLRA and willing and able to serve in that capacity.

Oakland County also respectfully requests that the Court approve its choice of Lead Counsel and Local Counsel for the Class.  Oakland County's selection for Lead Counsel, The Miller Law Firm, P.C., is a nationally recognized securities class action firm that has recovered over a billion dollars for the benefit of injured investors.  (*See* McCallister Decl., at Exhibit 3, the Miller Law Firm Resume.) Oakland County's choice for Local Counsel, Kreindler & Kreindler, LLP, is a highly respected firm experienced in complex multi-district litigation and class action work.  (*See* McCallister Decl., at Exhibit 4, Kreindler & Kreindler Firm Resume.)  These firms have extensive experience in the prosecution of complex litigation, including class actions and securities fraud claim such as those asserted in the Action, and are well qualified to prosecute this case.

## PROCEDURAL BACKGROUND

This Action was filed in this Court on October 21, 2015. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), on October 21, 2015, the first notice that a class action had been initiated against Defendants was published over the *PR Newswire,* advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (December 21, 2015). (*See* McCallister Decl. at Exhibit 2.) Oakland County is a member of the Class (*see* McCallister Decl, at Exhibit 1) and Oakland County has timely moved for appointment as Lead Plaintiff under the PSLRA within the required 60-day timeframe.

## STATEMENT OF FACTS[4]

Defendant Zafgen, Inc. is a small pharmaceutical company whose valuation is closely tied to the value of a single drug – an anti-obesity drug called beloranib. Defendant Thomas E. Hughes is the Chief Executive Officer of Zafgen. This Action alleges that Defendants made misleading misrepresentations about thrombotic adverse events in previous clinical trials of its leading drug candidate beloranib.

On October 12 and October 13, 2015, Zafgen shares dropped sharply. Between the opening of trading on October 12, 2015 and the close of trading on October 13, 2015, Zafgen shares dropped from $34.76/share to $15.75/share—a 54.7% drop. This drop was fueled by rumors in the marketplace that a patient had died in an ongoing Phase 3 clinical trial of beloranib.

On October 14, 2015, Zafgen confirmed that a patient in its Phase 3 trial of beloranib had died. However, Zafgen failed to disclose that the patient was receiving beloranib—i.e., not a placebo—and also failed to disclose anything about thrombotic events in prior clinical trials.

---

[4] These facts are taken from the Complaint filed on October 21, 2015 styled *Bessler v. Zafgen, Inc. et al.*, Case No. 15-cv-13618 [Dkt. No. 1] and Oakland County's counsel's investigation.

Late in the day on October 15, 2015, the Food and Drug Administration ("FDA") informed Zafgen that beloranib has been placed on partial clinical hold. This forced Zafgen to make additional disclosures on October 16, 2015, including that: (i) the patient who died was receiving beloranib; and (ii) there had been four thrombotic adverse events in prior clinical studies of beloranib—two more than previously reported—as well as two additional, previously undisclosed thrombotic events in ongoing studies, for a total of six thrombotic events out of 400 patients receiving beloranib compared to zero thrombotic events in the approximately 150 patients treated with a placebo.

The Company's stock dropped sharply on this news. After closing at $21.02/share on October 15, 2015, Zafgen stock closed at $10.36/share on October 16, 2015—a 50.7% drop. As a result of Defendants' wrongful acts, materially false and misleading statements and/or admissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages.

## ARGUMENT

## I.     THE COURT SHOULD APPOINT OAKLAND COUNTY AS LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. §15 U.S.C. §78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of his right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action, which was filed on October 21, 2015, published a notice in in PR Newswire on October 21, 2015. (*See* McCallister Decl., at Exhibit 3.) This notice announced that applications for appointment as lead plaintiff had to be made by December 21,

2015.  As the PSLRA notes, any member or members of the proposed Class may apply to the

Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint.  15

U.S.C. §78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of

pendency of the action, the Court shall appoint as lead plaintiff the movant that the Court

determines to be most capable of adequately representing the interests of Class members.  *See* 15

U.S.C. §78u-4(a)(3)(B)(i).   The PSLRA provides a presumption that the most "adequate

plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a
> notice;
> (bb)   in the determination of the court, has the largest financial interest
> in the relief sought by the class; and
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal
> Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  The presumption may be rebutted only upon proof by a class

member that the presumptively most adequate plaintiff "will not fairly and adequately protect the

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth herein, Oakland County satisfies the foregoing criteria and is not aware of

any unique defenses that Defendants could raise against it.   Therefore, Oakland County is

entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a

result, should be appointed Lead Plaintiff in the Action.

### B.   Oakland County Is "The Most Adequate Plaintiff"

#### 1.   Oakland County has Complied with the PSLRA and Should be Appointed Lead Plaintiff

Oakland County moves this Court to be appointed Lead Plaintiff and has timely filed the

instant Motion to be appointed Lead Plaintiff.  Oakland County believes that it has the largest financial interest in the relief sought by the Class.  Further, Oakland County has shown its willingness to represent the Class by signing a sworn Certification detailing its investments in Zafgen's common stock during the Class Period and confirming its willingness to discharge the obligations of class representative in this Action.  (*See* McCallister Decl., at Exhibit 1.)

In addition, Oakland County has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm resume of proposed Lead Counsel, The Miller Law Firm, is attached as Exhibit 3 to the McCallister Declaration.  The resume of proposed Local Counsel, Kreindler & Kreindler, is attached as Exhibit 4 to the McCallister Declaration.

### 2. Oakland County has the Largest Financial Interest in the Relief Sought By the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the Action.  *See In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status…"). *See also Leech v. Brooks Automation, Inc.*, Case No. 06-11068-RWZ, 2006 U.S. Dist. LEXIS 90153, at *4 (D. Mass. Dec. 13, 2006); *Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D. N.Y. 2001).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the units and the average trading price of the units during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the units and the average trading price of the units between the date when the misstatement was corrected and the date on which the

plaintiff sold his units, if he sold his units before the end of the 90-day period.  15 U.S.C. §78u-4(c).

During the Class Period, Oakland County purchased shares of Zafgen in reliance upon the materially false and misleading statements issued by Defendants, and was injured thereby,. Oakland County suffered a substantial loss of $ 163,613.32 as demonstrated by Exhibit 1, at Schedule A, and paragraph 5 of the McCallister Declaration.   In fact, to the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.      Oakland County Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See In re Lernout & Hauspie Secs. Litig.,* 138 F. Supp. 2d 39, 46 (D. Mass. 2001) ("Only the last two prongs, typicality and adequacy, need to be satisfied for the purposes of this inquiry."); *see also*, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.*, 2003 WL 21415287, at *5-6 (S.D.N.Y. June 18, 2003); *Weltz*, 199 F.R.D. at 133 (considering only typicality and adequacy on a motion for lead plaintiff); *see generally* Fed. R. Civ. P. 23(a)(3)-(4).  As detailed below, Oakland County satisfies both the

typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

**a.      Oakland County's Claims are Typical**
**of the Claims of all the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class."   Oakland County plainly meets the typicality requirement of Rule 23 because: (1) it suffered the same injuries as the absent class members; (2) it suffered as a result of the same course of conduct by Defendants; and (3) its claims are based on the same legal issues.  *See Robidoux v. Celani,* 987 F.2d 931, 936-37 (2d Cir. 1993)*; In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' clams and injuries arise"); *see also In re Milestone Scientific Securities Litigation*, 183 F.R.D. 404, 414-415 (D. N.J. 1998).   Rule 23 does not require that the named plaintiff be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See Lernout*, 138 F. Supp. 2d at 45*; Weiss v. York Hosp*., 745 F.3d 786, 808-09 (3d Cir. 1984).  A finding of commonality frequently supports a finding of typicality.  *See Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 158, n. 13 (1982) (noting that the typicality and commonality requirements tend to merge.)

*Here*, Oakland County meets the typicality and adequacy requirements because, like all other members of the purported class, it traded in Zafgen's securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and omissions and suffered damages thereby.  Thus, Oakland County's claims are typical, if not identical, to those of the other members of the Class because Oakland County's claims are premised on the same legal and remedial theories, it suffered losses similar to those of other

9

Class members, and its losses resulted from Defendants'' common course of wrongful conduct (i.e., they are based on the same alleged misrepresentations and omissions as the Class' claims). Accordingly, Oakland County satisfies the typicality requirement of Rule 23(a)(3).  .

Additionally, Oakland County is not subject to any unique defenses, and there is no evidence of any conflicts between Oakland County and the other members of the class.  Oakland County therefore satisfies the required *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### b.      Oakland County Will Adequately Represent The Class

Oakland County is also an adequate representative for the Class.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interest of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class.  15 U.S.C. §78u-4(a)(3)(B); *see Lernout*, 138 F. Supp. 2d at 46; *Weltz*, 199 F.R.D. at 133; *Drexel Burnham*, 960 F.2d at 291.

Oakland County's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Oakland County's interests and those of the Class, but Oakland County has a significant and compelling interest in prosecuting the Action based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Action.  This motivation, combined with Oakland County's identical interest with the Class members, demonstrates that Oakland County will vigorously pursue the interest of the Class.  In addition, Oakland County has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to 15 U.S.C.

§ 78u-4(a)(3)(B)(v).  Therefore, Oakland County will prosecute the Action vigorously on behalf of the Class.

At this stage of the proceedings, Oakland County has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In addition, because Oakland County has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive Lead Plaintiff in accordance with § 78u-4(a)(3)(B)(iii)(I), and should be appoint as such to lead this Action.

## II.   THE COURT SHOULD APPROVE OAKLAND COUNTY'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should interfere with the Lead Plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Oakland County has selected and retained The Miller Law Firm as proposed Lead Counsel and Kreindler & Kreindler, LLP as proposed Local Counsel for the Class.  The attorneys of the Miller Law Firm, P.C. have extensive experience in successfully prosecuting class actions, including complex securities class actions such as this one, and are well-qualified to represent the Class.  The Miller Law Firm, P.C. has not only prosecuted complex securities fraud class actions, but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel.  *See* McCallister Decl., Exhibit 3.  In addition, as explained in Kreindler & Kreindler's resume, attached as Exhibit 4 to McCallister's Declaration, Kreindler & Kreindler is a well-respected law firm, and its attorneys have experience litigating complex actions.  This Court may be assured that in the event that the Oakland County's Motion is

11

granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, the Oakland County Employees' Retirement System, the Oakland County Voluntary Employees' Benefit Association Trust, and the Oakland County Employees' Retirement System Trust respectfully requests that this Court enter an Order (1) appointing it to serve as Lead Plaintiff; (2) approving its selection of Lead Counsel and Local Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: December 21, 2015               Respectfully submitted,

                                        KREINDLER & KREINDLER, LLP


                                        /s/ Ian McCallister
                                        Ian McCallister  BBO # 633445
                                        855 Boylston Street, Suite 1101
                                        Boston, MA   02116
                                        (617) 424-9100
                                        imccallister@kreindler.com

                                        Proposed Local Counsel for Class

                                        THE MILLER LAW FIRM, P.C.
                                        E. POWELL MILLER
                                        SHARON S. ALMONRODE
                                        950 W. University Drive, Suite 300
                                        Rochester Michigan, 48307
                                        (248) 841-2200
                                        (248) 652-2852 (fax)
                                        epm@millerlawpc.com
                                        ssa@millerlawpc.com

                                        Counsel for Oakland County Employees'
                                        Retirement System, Oakland County
                                        Voluntary Employees' Benefit Association
                                        Trust and The Oakland County Employees'
                                        Retirement System Trust (collectively,
                                        "Oakland County")

Proposed Lead Counsel for Plaintiff for Class